JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-2086-KK-SHKx** | Date: | February 6, 2024 |
|---|---|---|---|

| Title: | *Yongming Liu v. George Mihalko, et al.* |
|---|---|

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

## I.
## PROCEDURAL HISTORY

On October 12, 2023, plaintiff Yongming Liu ("Plaintiff") filed a Complaint against defendants George Mihalko and David Radel (collectively, "Defendants") seeking a Petition for Writ of Mandamus due to the alleged delay in processing his Application for Asylum by United States Citizenship and Immigration Services. ECF Docket No. ("Dkt.") 1, Complaint.

On November 22, 2023, Plaintiff's matter was reassigned to this Court. Dkt. 8. A Reassignment Order was issued, which directed, among other actions, that Plaintiff "file a Joint Case Management Statement within fifteen (15) days of the date of th[e] Order" and permitting separate statements if the case involved a party proceeding without counsel. Id. at 2.

On January 4, 2024, the Court issued an Order to Show Cause ("OSC") because Plaintiff failed to file the required Joint Case Management Statement. Dkt. 9. The Court "warned that failure to file a timely response may result in [] sanctions including dismissal for failure to prosecute and/or comply with Court orders." Id.

On January 25, 2024, the Court issued a second OSC because (1) Plaintiff failed to file a response to the first OSC, and (2) over 90 days had passed since Plaintiff filed the Complaint and no

proof of service had been filed.[1]  Dkt. 12.  The Court, thus, ordered Plaintiff to show cause in writing on or before February 1, 2024 why this action should not be dismissed for lack of prosecution.  Id. at 1.  The Court expressly warned Plaintiff that "**failure to timely file a response to this Order will result in this action being dismissed without prejudice . . . for failure to prosecute and comply with court orders.**"  Id. at 2 (citing FED. R. CIV. P. 41(b)) (emphasis in original).

To date, Plaintiff has not filed a response to the Court's January 4, 2024 OSC or January 25, 2024 OSC, nor has Plaintiff filed a proof of service demonstrating service of the Summons and Complaint on Defendants.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See FED. R. CIV. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute) overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal for failure to comply with court orders).  In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Omstead, 594 F.3d at 1084 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff has not responded to the Court's January 4, 2024 and January 25, 2024 OSCs or filed proofs of service.  Dkts. 9, 12.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

---

[1] Generally, absent a showing of good cause, if a defendant is not served within 90 days after the complaint is filed, the action must be dismissed without prejudice against that defendant.  FED. R. CIV. P. 4(m).  In this case, Plaintiff filed the Complaint on October 12, 2023.  Dkt. 1.  Plaintiff, was, therefore, required to serve the Summons and Complaint on Defendants no later than January 10, 2024.

      The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  See dkts. 9, 12.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

      The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown he is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

      Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see dkts. 9, 12.

### III.
### CONCLUSION

      Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

      **IT IS SO ORDERED.**